Dear Mayor McGlothin:
In response to your recent correspondence to this office, please note that the law prohibits an alderman from holding a full-time appointive office such as deputy sheriff. The law does not prohibit an alderman from holding a commission as deputy sheriff if the office is held on a part-time basis. The prohibition in our state Dual Officeholding and Dual Employment Laws is R.S. 42:63(D), which states, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof.
The definitions of part-time and full-time are found at R.S. 42:62(4) and (5), providing:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
The position of deputy sheriff is considered an appointive office under R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official." The sheriff is an elected public official. See LSA Const. 1974 Article V Section 27. The position of deputy sheriff is specifically provided or authorized by law, as R.S.33:1433 provides in part:
 A.(1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. The appointment and oath must be entered on the records of the court.
Thus, if Ms. Johnson decides to retain her position as alderman, she may hold her commission as deputy sheriff solely on a part — time basis. In accord is Attorney General Opinion 01-124, copy attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: September 15, 2003
OPINION NUMBER 01-124
April 2, 2001
R.S. 42:63(D)
78 DUAL OFFICEHOLDING
Member of parish governing authority is prohibited by law from holding any position with sheriff's office. Alderman is prohibited from holding full-time position of deputy sheriff.
Mr. Gary G. Pelican Chief of Police P.O. Box 464 Kinder, LA 70648
Dear Chief Pelican:
In response to your first question, an alderman for the Town of Kinder, who holds local elective office in a political subdivision of this state, is prohibited by law from holding the full-time appointive office of deputy sheriff. R.S. 42:63(D) of the state Dual Officeholding and Dual Employment Law provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof.
However, the law does not prohibit the alderman from also holding the position of part-time deputy sheriff.[1]
In response to your second question, the law prohibits a member of the parish governing authority from holding any office or employment with the sheriff, whether full-time or part-time. R.S. 42:63(D) pertinently provides:
 In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
We assume the exemption of R.S. 42:66(L)(1), quoted below, is inapplicable. The statute provides:
 L. (1) Nothing in this Part shall be construed to prevent a deputy sheriff from holding the office of either mayor or alderman of a municipality, provided such municipality has a population of two thousand or less, according to the latest federal decennial census.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62(4) and (5) provide:
 (4) "Full-time" means the period of time which a person normal works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in a appointive office.